## Powell v. Commonwealth.

February 10, 1950.

Edwin R. Denny, Special Judge.

E. B. Rose and John Lyttle for appellant.

A. E. Funk, Attorney General, for appellee.

CLAY, COMMISSIONER—Reversing.

The appellant, John Powell, Jr., has again been convicted and sentenced to life imprisonment for the murder of Matilda Griffin. A recitation of the general facts will be found in Powell v. Commonwealth, 308 Ky. 467, 214 S. W. 2d 1002, wherein we reversed the first judgment because of the admission of incompetent testimony and the giving of erroneous instructions. The sole ground submitted for a reversal of the present judgment is that there was no evidence proving the defendant guilty. The Commonwealth relies upon the rule of the law of the case.

The evidence on the second trial was substantially the same except the testimony of the husband of the de-

ceased. It would appear his perceptive sense was unreliable. He did not know his given name or where he lived. Asked whether anyone had been in his home the night his wife died, he answered twice, "I never seed nobody come there." Later he stated he knew that Green Bowling came, "It mout have been a leetle after dark." His wife was in the kitchen and, "Green Bowling was windin' around in there right where she was cooking." The witness was asked but little about what occurred that night. He was impressed by the fact that he had sat up by the fire by himself all during the night, and had told a neighbor the next morning that his wife was dead. On the first trial the old man had testified quite positively that the defendant, Powell, was there with Bowling, yet it was brought out in his cross-examination on that trial that he had testified otherwise on the examining trial of the defendant and others charged with the murder.

Sallie Cotton, who seems to be as unreliable as the old man, was introduced on this trial but not on the first one. She said, "My memory is gone away from me." She stated she had been staying with the Griffins in their cabin "all the time." She and Matilda had worked during the day "packing rocks" from off the garden. Green Bowling had been there that day, but John Powell, the defendant, had not.

As before, it was proved that the deceased had had a warrant of arrest issued for the defendant and Bowling on the charge of robbing her; that the two men and Lovins (all of whom are charged in the indictment) were in the neighborhood during the late afternoon; and by Squire Reid (as fully described in the former opinion) that as the three men passed near him that night, Bowling had said, "Boys, that's fixed her" and Powell, "Boys, that's beat the case;" also, "Now I will go and get some liquor."

The defendant claimed and introduced corroborative evidence of an alibi.

Thus, the evidence against the defendant is that of motive, presence in the vicinity, and a cryptic statement. This could have been regarded as an admission had there been any evidence that he was in the woman's house or was otherwise connected with her poisoning.

The first opinion did not deal expressly with the question of the sufficiency of the evidence. Yet it may be said to have been impliedly held to be enough to take the case to the jury. But the evidence against the accused on this trial is not the same. The husband and Sallie Cotton, both introduced by the Commonwealth, say the defendant was not there at all.

The defendant may be guilty of the crime charged against him, but this record contains no evidence of substance connecting him with it. We are of the opinion, therefore, that the trial court should have directed a verdict of acquittal.

The judgment is reversed.